**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **SHEDRICK NORTHERN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **2:22CV120-PPS/JPK** |
| | ) | |
| **PEDCOR MANAGEMENT CORP.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**OPINION AND ORDER**</u>

Shedrick Northern, a plaintiff acting without an attorney, has filed a complaint, a motion for leave to proceed in forma pauperis, and a motion for a temporary restraining order.  [DE 1, 2, 3.]  Because Northern asks to file his case without payment of the filing fee that is ordinarily required, his complaint is subject to a review on the merits.  Under 28 U.S.C. §1915(e)(2)(B), "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...(B) the action...(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  This standard requires dismissal if the complaint is meritless, which includes a complaint which does not support the exercise of federal jurisdiction.  The only federal claim raised by Northern is under the Fair Housing Act. But that claim has no possibility of succeeding, at least not as the case is presently pleaded. And since the other claims are based on state law, and there is no allegation

that the parties are diverse from one another, dismissal of the entire complaint without prejudice is appropriate.

Based on the complaint, this appears to be a standard landlord-tenant dispute. Mr. Northern sues Pedcor Management Corp., his landlord.  Northern's complaint makes allegations about the unsatisfactory handling of water leaking into his apartment from an upstairs neighbor's unit.  All four counts of the complaint are based on those allegations.  Count 1 is entitled "Breach of an implied duty of good faith and fair dealing."[DE 1 at 6-7.]  Count 2, which is ostensibly based on the Fair Housing Act, is called "Breach of the right to a habitable home, in violation of 42 U.S.C. 3601 *et seq.*"  [*Id.* at 7.]  Count 3 is a state law claim for intentional infliction of emotional distress; and Count 4 is a non-specific request for a declaratory judgment.  [*Id.* at 8.]

There are no allegations of the citizenship of the parties that might support the exercise of diversity jurisdiction.  Instead, as noted, the complaint cites The Fair Housing Act as the basis for federal question jurisdiction.  [DE 1 at 2.]  More specifically, Northern cites two particular provisions of the Act, 42 U.S.C. §3601, to which he adds the description "breach of the right to a habitable home," and 42 U.S.C. §3617, which he describes as relating to "interference, coercion, or intimidation."  [*Id.*]

The Fair Housing Act contains provisions making it unlawful for a person to discriminate on the basis of race, color, religion, sex, handicap, familial status or national origin in the sale or rental of housing.  42 U.S.C. §3604; *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018).  Section 3601, to which Northern has

cited, does not contain any language referencing a right to a habitable home, and instead merely states that "[i]t is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States."  The other particular provision of the Act cited by Northern is §3617, which makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, ...any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."

The Fair Housing Act is a discrimination law; it does not generally establish a right to a "habitable home."  *McDaniel v. VTT Management, Inc.*, 2018 WL 4494985, at *3 (W.D.N.C.  Sept. 18, 2018) (an FHA retaliation claim based on allegations of "unfit premises" without allegations of discrimination based on a protected class fails to state a claim).  As with other laws offering protections against discrimination, the Act enumerates the categories of traits that cannot lawfully motivate adverse treatment in housing matters.  *Sanghvi v. City of Claremont*, 328 F.3d 532, 539 n.5 (9th Cir. 2003); *Koorn v. Lacey Township*, 78 Fed.Appx. 199, 207 (3rd Cir. 2003); *Housing Discrimination Under the Fair Housing Act*, U.S. Dep't of Housing and Urban Development (https://www.hud.gov/program_offices/fair_housing_equal_opp/fair_housing_act_overview#:~:text=What%20Is%20Prohibited%3F,-In%20the%20Sale%20and%20Rental).  Because Northern does not claim to belong to any of the protected categories of the Act, nor claim that any such category was the basis for discrimination against him by

defendant, his complaint does not state a viable claim under the Fair Housing Act.

*Walton v. Claybridge Homeowners Ass'n, Inc.*, 191 Fed.Appx. 446, 450 (7th Cir. 2006).

Because Northern's claim under the Fair Housing Act does not present a plausible right to relief, it must be dismissed, but the dismissal will be without prejudice. And since the remaining claims appear to be based exclusively on state law and the complaint contains no allegations that could support federal jurisdiction on the basis of diversity of citizenship, the most prudent approach is to relinquish whatever supplemental jurisdiction I may have had over those claims and dismiss those claims as well without prejudice so that Northern may pursue them in state court. As a result, Northern's motion to proceed in forma pauperis and the motion for a temporary restraining order will be DENIED.

**ACCORDINGLY:**

Because plaintiff Shedrick Northern's complaint does not state a claim for relief on the one federal claim alleged in the complaint, Northern's motion for leave to proceed in forma pauperis [DE 2] is DENIED, his motion for temporary restraining order [DE 3] is DENIED, and his case is DISMISSED WITHOUT PREJUDICE.

The case is now CLOSED.

**SO ORDERED**.

ENTERED: May 9, 2022.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

4