UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SHEDRICK NORTHERN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No.: 2:22-CV-120-HAB-JPK |
| v. | ) |
| | ) |
| PEDCOR MANAGEMENT CORP., et al. | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Pro se Plaintiff, Shedrick Northern, initiated this action against the Defendants after they failed to repair water damage in the ceiling of his apartment caused by a toilet leak from an upstairs apartment unit.[1] He contends that the Defendants' actions in failing to fix the leak caused mold to develop and violated the Fair Housing Act and other state laws. District Judge Philip Simon dismissed the case without prejudice for lack of jurisdiction, noting that the claim was a typical state court landlord–tenant dispute that did not invoke the jurisdiction of the federal courts or provisions of the Fair Housing Act. (ECF No. 8).[2] The same day the Clerk entered Judgment under Fed. R. Civ. P. 54 and the case was closed. (ECF No. 9). At that point this case was over. Now, however, Plaintiff has filed an Emergency Amended Complaint (ECF No. 13) along with a host of additional motions, including a request for emergency housing and a motion for injunctive relief (ECF Nos. 14-17).[3]

---

[1] Plaintiff originally filed this case in the Southern District of Indiana. The Southern District transferred the case to the Northern District of Indiana, Hammond Division. (ECF No. 5).

[2] Judge Simon dismissed the Complaint as part of his screening under the in forma pauperis (IFP) statute. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff has not been granted IFP status nor has he paid the filing fee to the district court clerk.

[3] Upon the filing of Plaintiff's newest filings, Judge Phillip Simon recused himself from the case. (ECF No. 20). The case was reassigned to the undersigned judge pursuant to 28 U.S.C. § 137 and Local Rule 40-1(f)(2)(A). (ECF No.

In the ordinary course, the Federal Rules of Civil Procedure provide that courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Where, however, a party does not seek leave to file an amended complaint until after judgment is entered, Rule 15's liberality must be tempered by considerations of finality. Indeed, in this circuit, "'the presumption in favor of liberality in granting motions to amend [under Rule 15(a) ] is reversed after judgment has been entered.'" *Vicom Inc. v. Harbridge Merchant Services Inc.,* 20 F.3d 771, 785 n. 13 (7th Cir.1994) *(citing First Nat'l Bank v. Continental Ill. Nat'l Bank,* 933 F.2d 466, 468 (7th Cir.1991)). Thus, a party seeking to file an amended complaint post-judgment must first have the judgment vacated or set aside pursuant to Rules 59(e) or 60(b)." *Amendola v. Bayer,* 907 F.2d 760, 765 n. 1 (7th Cir.1990) ("In this circuit, after a judgment has been entered, a party must have the judgment reopened pursuant to Federal Rule of Civil Procedure 59(e) or 60(b) and then request leave to amend pursuant to Rule 15(a)."); *Twohy v. First Nat'l Bank,* 758 F.2d 1185, 1196 (7th Cir.1985) (noting that "several courts have recognized that justice may require something less in post-judgment situations than in pre-judgment situations under Rule 15(a)").

Plaintiff has not moved to vacate or set aside the judgment nor has he said anything in any of his filings that would constitute grounds under Rules 59(e) or 60(b) to reopen the case. He has not even technically requested leave to amend his complaint. Rather, he has simply plopped an amended complaint in front of the court along with a host of motions to go with it. Plaintiff's pro se status does not excuse compliance with procedural rules and "the Supreme Court has noted, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Loubser v. United States*, 606 F. Supp. 2d 897, 909 (N.D. Ind. 2009).

---

21).

In his Order, Judge Simon dismissed Plaintiff's claims without prejudice to refiling them in state court. That is where this case belongs. Accordingly, the Plaintiff's Emergency Amended Complaint is STRICKEN and his other motions (ECF Nos. 14-17) are DENIED as MOOT.

SO ORDERED on June 6, 2022.

                                              s/ *Holly A. Brady*
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT